[Crim. No. 3844. In Bank.—May 14, 1935.]

THE PEOPLE, Respondent, v. JOHN HAWKINS, Appellant.

Frederic H. Vercoe, Public Defender, and Halford R. Thomas, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Appellant entered pleas of guilty to robbery, kidnaping for the purpose of robbery, and murder. The trial court found the robbery to be of the first degree;

that in the kidnaping the victim did not suffer bodily harm; and that the murder was of the first degree. Sentences of imprisonment were imposed for the robbery and the kidnaping. The death penalty was imposed for the murder.

But one conclusion can be drawn from the evidence of the circumstances surrounding the killing. The victim was shot and killed in cold blood immediately following a bold, but frustrated, attempt of the appellant to rob the deceased. The several witnesses who saw and described the shooting agreed almost entirely in their testimony. They differed in only one particular—as to the number of shots fired by appellant, and as to whether appellant shot immediately after discovering the deceased was following him, or waited for a few seconds before shooting. The slight variance was immaterial. Appellant did not take the stand, and offered no evidence in his behalf. His story of the affair was related by a police officer to whom he made a statement as to what occurred.

After the evidence was closed, the trial court determined that the defendant was guilty of murder in the first degree, and the penalty should be death. The hearing was thereupon adjourned to a future date for sentence, at which time appellant made a motion to be allowed to reopen the case for the taking of further testimony—that of two witnesses who claimed to have seen the fatal shooting. The motion was denied, and appellant was duly sentenced. One of these witnesses had been subpoenaed by the People, and, in the absence of any record to the contrary, we may assume, from the argument on the motion to reopen, was present at the trial, and therefore accessible to the defendant. The two witnesses, according to the argument of defendant's counsel in support of the motion, would have given evidence similar to the statement made by the defendant to the police officer. It was, therefore, to that extent cumulative.

While the trial court had already announced its opinion that the defendant was guilty of murder of the first degree and that the penalty should be death, it had not formally pronounced judgment or sentenced the defendant to pay the death penalty. Its discretionary power to reopen the case to allow the introduction of other evidence was not exhausted. Under the circumstances shown by the rec-

ord, however, we are not convinced that there was any abuse of that discretion in the refusal.

The judgment of conviction and sentence is affirmed.

Curtis, J., Preston, J., Thompson, J., and Shenk, J., concurred.